IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00961-BNB

JOHN J. McCARTHY,

    Applicant,

v.

WARDEN USP FLORENCE,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 25 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant John J. McCarthy is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary at Florence, Colorado. Mr. McCarthy initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the computation of his federal sentence. On August 6, 2008, Magistrate Judge Boyd N. Boland ordered Mr. McCarthy to show cause why the habeas corpus application should not be denied as successive or abusive. On August 13, 2008, Mr. McCarthy filed his response to the show cause order. On September 3, 2008, Mr. McCarthy filed "Applicant's Objection to Order to Show Cause" in which he argues that the Court cannot raise *sua sponte* the issue of whether the application is successive or abusive.

The Court must construe the habeas corpus application and the other papers filed by Mr. McCarthy liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110

(10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

As noted above, Mr. McCarthy is challenging the computation of his federal sentence. He specifically claims that he is entitled to credit against his federal sentence for seven years he spent serving a state sentence and that the BOP refuses to grant such credit. The federal sentence Mr. McCarthy is serving was imposed prior to the state court sentence and, although the federal sentencing court was aware that Mr. McCarthy soon would be sentenced in a state case and that the state court likely would impose its sentence to run concurrently with the federal sentence, the federal sentencing court did not indicate whether the federal sentence would run concurrently with, or consecutively to, the state sentence. *See McCarthy v. Warden*, 168 F. App'x 276, 277 (10th Cir. Feb. 21, 2006). After the federal sentence was imposed, Mr. McCarthy was sentenced in his state court case to seven years in prison to run concurrently with the federal sentence. *See id.* Mr. McCarthy served the state sentence prior to being returned to federal custody. *See id.* He alleges that the BOP has determined his federal sentence did not commence until he was returned to federal custody following service of the state prison sentence.

Mr. McCarthy previously has sought to compel the BOP to credit his federal sentence with the time spent serving his state sentence in a habeas corpus action pursuant to § 2241. *See id.* In affirming the denial of habeas corpus relief, the Tenth Circuit noted that Mr. McCarthy "does not deserve federal credit for his time spent in

state custody" because he "has received state credit for this time and the federal district court did not order the federal sentence to be served concurrently with any state sentence." *Id.*

Pursuant to 28 U.S.C. § 2244(a), the court may dismiss a habeas corpus action raising claims that are successive or abusive. **See George v. Perrill**, 62 F.3d 333, 334-35 (10th Cir. 1995). The Court may raise this issue *sua sponte* as long as Mr. McCarthy is provided notice and an opportunity to respond. **See Williams v. Whitley**, 994 F.2d 226, 231-32 (5th Cir. 1993); **United States v. Fallon**, 992 F.3d 212, 213 (8th Cir. 1993). Mr. McCarthy has been provided notice and an adequate opportunity to respond in this action.

A successive application raises claims identical to those raised and rejected on the merits in a prior application and an abusive application raises new claims that were available but were not raised in a prior application. **See Schlup v. Delo**, 513 U.S. 298, 319 n.34 (1995). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, the court may not address the merits of successive or abusive habeas claims. **See id.** at 318-23; **George**, 62 F.3d at 335.

Mr. McCarthy argues in his response to Magistrate Judge Boland's show cause order that the instant action is neither successive nor abusive because a prior habeas corpus action he filed in the Middle District of Pennsylvania was dismissed for failure to exhaust administrative remedies and not on the merits. However, the habeas corpus action Mr. McCarthy apparently filed in the Middle District of Pennsylvania is not relevant to the habeas corpus action Mr. McCarthy filed in the District of Kansas that is

3

the subject of the Tenth Circuit decision discussed above. It is clear from the Tenth Circuit's order that Mr. McCarthy's claims seeking to compel the BOP to credit his federal sentence with the time spent serving his state sentence were addressed and rejected on the merits.

Mr. McCarthy also argues that the claims he is raising in this action were not actually raised in his prior habeas corpus action. It is not clear which of his prior habeas corpus actions Mr. McCarthy is referencing in this argument. However, even if this action is not successive because some particular argument was not raised in the prior action referenced above, the instant action still is abusive because the Court finds that all of Mr. McCarthy's arguments should have been raised in the prior action.

Mr. McCarthy fails to demonstrate cause and prejudice or a fundamental miscarriage of justice. Therefore, the instant action will be dismissed as successive or abusive. Accordingly, it is

ORDERED that "Applicant's Objection to Order to Show Cause" filed on September 3, 2008, are overruled. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 24 day of Sept, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No.   08-cv-00961-BNB

John J. McCarthy
Reg. No. 38051-066
USP - Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/25/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk