IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-00961-REB

JOHN J. McCARTHY,

    Applicant,

v.

WARDEN USP FLORENCE,

    Respondent.

## ORDER ON PETITION FOR HABEAS CORPUS

**Blackburn, J.**

The matter before the Court is Applicant's Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 5). The Court has determined that the Application can be resolved on the parties' briefing and that no oral argument is necessary.

## I.    Background

In January,1994, Applicant was sentenced in federal district court to concurrent terms of 235 months of imprisonment for two counts of possession of a firearm.[1] Subsequently, Applicant was sentenced in state court to a term of 84 months of

---

[1] *McCarthy v. Warden, USP Leavenworth*, 168 Fed. Appx. 276, 277 (10th Cir. 2006).

1

imprisonment to run concurrently with the federal sentence.[2]  The federal district court did not indicate whether the federal sentence would run concurrently with a state sentence.[3]  Applicant has discharged his state sentence.[4]

Applicant is presently in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado.[5]  Applicant initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on May 8, 2008.[6]  The Application was dismissed initially by this Court on September 25, 2008, as successive or abusive.[7]  However, the United States Court of Appeals for the Tenth Circuit reversed the dismissal "[i]n light of the unsettled question whether appellate court preauthorization is required before a prisoner may file a successive writ under § 2241 or whether district courts may continue to address the issue as they did pre-AEDPA."[8]  Additionally, the Tenth Circuit noted that "[i]t is not clear whether pre-AEDPA case law regarding abusive petitions continues to apply under the revised version of [28 U.S.C.] § 2244(a)."[9]

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *See* Pet. For A Writ Of Habeas Corpus By A Prisoner Held In Federal Custody (Doc. No. 3; May 8, 2008) at 4.

[6] *Id.*

[7] Order (Doc. No. 15).

[8] *McCarthy v. Warden USP Florence*, 338 Fed. Appx. 739, 742 (10th Cir. 2009).

[9] *Id.*

On remand, this Court issued an Order To Show Cause on June 30, 2009.[10] Respondent filed a response on August 7, 2009.[11] Applicant did not file a reply.

## II.     Application

Applicant is challenging the computation of his federal sentence. He alleges that the BOP has determined his federal sentence did not commence until he was returned to federal custody following service of the state prison sentence. He claims that he is entitled to credit against his federal sentence for the seven years he spent serving the state sentence and that the BOP refuses to grant such credit.

## III.     Legal Standard

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[12] The Court should not be the *pro se* litigant's advocate.[13]

---

[10] Doc. No. 39.

[11] Respondent's Resp. To Order To Show Cause (Doc. No. 45).

[12] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A Section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[14] "A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including . . . computation of a prisoner's sentence by prison officials."[15]

"A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."[16] Here, Applicant correctly filed his petition pursuant to 28 U.S.C. § 2241 in the District of Colorado where he was incarcerated at the time of filing.

IV. **Analysis**

Applicant has petitioned the BOP for a *nunc pro tunc* designation of his state facility as a federal prison.[17] The viability of such a request, first recognized by the United States Court of Appeals for the Third Circuit in *Barden v. Keohane*,[18] has been

---

[14] *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

[15] *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original).

[16] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[17] *See McCarthy v. Warden, USP Lewisburg*, 2007 WL 2461703 (M.D. Pa. Aug. 27, 2007).

[18] 921 F.2d 476, 478, 483 (3d Cir. 1990) (a prisoner is entitled to have the BOP consider his request for *nunc pro tunc* designation); *accord Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002); *McCarthy v. Doe*, 146 F.3d 118, 122 (2d Cir. 1998); *see also Fegans v. United States*, 506 F.3d 1101 (8th Cir. 2007) (court assumed authority exists although it stated a desire for Congress to examine this designation authority for reasons of federalism and separation of powers concerns).

implicitly recognized by the Tenth Circuit.[19]  Applicant's designation request was handled by the BOP in accordance with its internal Program Statement titled "Designation of State Institution for Service of Federal Sentence" (PS 5160.05).[20]

### 1. Exhaustion of Administrative Remedies

Respondent first argues that Applicant failed to exhaust his administrative remedies.  A prisoner must exhaust all administrative remedies as a prerequisite to filing a federal habeas corpus petition.[21]

Sometime prior to March, 2007, Applicant petitioned the BOP for a *nunc pro tunc* designation of his state facility as a federal prison.[22]  On November 26, 2007, the BOP issued its determination that a *nunc pro tunc* designation was not appropriate in Applicant's case.[23]

Respondent claims that Applicant was required to file some sort of administrative remedy challenging this denial, and failure to do so must result in denial of the Application.  This Court disagrees.

---

[19] *See Warden, USP Leavenworth*, 168 Fed. Appx. at 277-78 (court's holding that BOP "did not abuse its discretion when it declined to designate a state institution for the service of his federal sentence" implicitly requires that the BOP possesses this discretion).

[20] Respondent's Resp. To Show Cause, Ex. A, Attach. 13.

[21] *See Williams v. O'Brien,* 792 F.2d 986, 987 (10th Cir. 1986).

[22] Respondent's Resp. To Show Cause, Ex. A, Attach. 13.

[23] *Id.*, Ex. A, Attach. 19.

5

PS 5160.05 provides no appeal process for decisions made on *nunc pro tunc* designation requests, and Respondent provides no concrete examples as to how such an appeal would work. Additionally, none of the cases reviewed by this Court indicate that the BOP either can or does take further action after it denies a *nunc pro tunc* designation request.[24] This Court is satisfied that the letter issued by the BOP on November 25, 2007, constitutes final agency action for purposes of filing a federal habeas case.[25]

*2.     Review of Agency Decision*

The BOP's *nunc pro tunc* designation denial is reviewed for abuse of the agency's substantial discretion under 18 U.S.C. § 3621.[26]

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."[27] In Applicant's prior

---

[24]S*ee, e.g.*, *Taylor,* 284 F.3d at 1147, 1149 (habeas petition filed after letter issued from BOP denying *nunc pro tunc* designation request; court reviewed merits of habeas petition without discussing exhaustion).

[25]*See, e.g.*, *United States v. Eccleston*, 521 F.3d 1249, 1255 (10th Cir. 2008) (Lucero, J., dissenting) (*citing Wilson v. Jones,* 430 F.3d 1113, 1118 (10th Cir. 2005)) (PS 5160.05 claims exhausted once "final decision has issued or pursuit of administrative remedies has become futile."). Additionally, notwithstanding a failure to exhaust administrative remedies, an application can be properly denied on the merits if "no credible federal constitutional claim" is present. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (adopting 28 U.S.C. § 2254(b)(2) reasoning for § 2241 actions).

[26]*See Fegans*, 506 F.3d at 1105 (*citing Grove v. Fed. Bureau of Prisons,* 245 F.3d 743, 746-57 (8th Cir. 2001)); *Taylor,* 284 F.3d at 1149; Doe, 146 F.3d at 123 n.4; *Barden v. Keohane,* 921 F.2d at 478.

[27]18 U.S.C. § 3584. "The presumption of concurrent sentences affects only sentences 'imposed at the same time,'" which is not the case here. *Eccleston*, 521 F.3d at 1254 (referencing *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005)) (Section 3584(a) does not apply when a state sentence is imposed after the imposition of a federal sentence).

case, based on the identical material facts as the present case, the Tenth Circuit held that because "the federal district court did not order the federal sentence to be served concurrently with any state sentence, [Applicant] does not deserve federal credit for his time spent in state custody."[28] This Court agrees.

This Court also agrees with the Tenth Circuit's holding that "in light of [Applicant's] criminal history and prior convictions, the [BOP] did not abuse its discretion when it declined to designate a state institution for the service of his federal sentence."[29] Further, there is no indication that the BOP did not follow PS 5160.05, the framework the agency has adopted to accurately and consistently deal with these requests. Finally, unlike in *USP Leavenworth*, the sentencing judge was given notice of the *nunc pro tunc* designation request pursuant to PS 5160.05(9)(b)(4)(c) and was given an opportunity to comment, but he remained silent on the issue.

The Court is satisfied that the BOP did not abuse its discretion in denying Applicant's *nunc pro tunc* request and, therefore, must dismiss the petition for habeas corpus relief.[30]

---

[28] *Warden, USP Leavenworth,* 168 Fed. Appx. at 277 (*citing* 18 U.S.C. § 3585(b)).

[29] I*d.*

[30] *See, e.g.*, *Taylor*, 284 F.3d at 1149 (citations omitted) (the BOP's decision "is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy").

**V. Order**

Accordingly, it is

ORDERED that Applicant's Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 5; May 27, 2008) is denied.

DATED at Denver, Colorado, May 26, 2010.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge